UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAGUE OF AMERICAN AUTOCHTHORN HEIR TRIBAL NATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 22-cv-07155-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Plaintiffs filed suit against several defendants including the United States of America, Xavier Becerra, Pete Buttigieg, Gavin Newsom, George Gascon, Jay Bray, Nationstar Mortgage LLC, and others. Bray and Nationstar Mortgage move to dismiss. Plaintiffs did not file an opposition. Mail sent to Plaintiffs' listed address returned as undeliverable. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendants' motion to dismiss. The Court grants Plaintiffs leave to amend their complaint subject to the restrictions below.

**DISCUSSION**

Plaintiffs' complaint is incomprehensible and fails to state any known legal claim.[1] Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint need not

---

[1] Because the Court grants the motion to dismiss for failure to state a known legal claim, the Court need not address Defendants' additional arguments in favor of dismissal. (*See* Dkt. No. 21 at 12-18.) Defendants' motion to appear by telephone is DENIED as moot. (Dkt. No. 28.)

After the time to respond to the motion to dismiss had passed, Plaintiffs filed a document titled, "Tribal Protection Order Writ of Mandamus/Injunction/Bill of Peace Cease & Desist Copyright TXU 2-347-364 And Tribal Land Patent Infringement Non-Action or Action of Judicial Officers." (Dkt. No. 29.) The Court has considered that filing and finds it similarly incomprehensible.

provide detailed factual allegations, it is "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, a plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

Plaintiffs fail to meet that standard here. The Court's review of the complaint does not identify any factual allegations that state a plausible claim for relief. To state a claim, Plaintiffs must allege the following information in an amended complaint: (1) the actions by each defendant that gave rise to Plaintiffs' claims; (2) what laws or rights were violated by each defendant's conduct, and (3) how each plaintiff was harmed. It is not clear from the original complaint what claim or claims Plaintiffs seek to assert.

The Court takes judicial notice of the vexatious litigant order issued in Case No. 22-cv-3124-WHO at Dkt. No. 32. In that order, Judge Orrick enjoined Kevin Woodruff, Wanag Tahatan-bey, and the League of American Autochthon Heirs from filing any civil action in this district against Nationstar Mortgage, LLC related to property at 2013 Mount Hamilton Dr., Antioch CA 94531 without first obtaining certification from the general duty judge that the complaint is comprehensible and not facially frivolous. While the Complaint in this matter does not facially refer to the Antioch property, Plaintiffs did attach a state court action regarding the Antioch property as an exhibit. Plaintiffs are warned that any amended complaint must abide by Judge Orrick's order. A violation of that order will be subject to automatic dismissal and may result in monetary sanctions or contempt of court proceedings.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Plaintiffs may file an amended complaint on or before February 17, 2023. Plaintiffs are warned that a failure to amend the complaint by that date may result in dismissal of their complaint without further notice. The hearing scheduled for January 26, 2023 is vacated.

**IT IS SO ORDERED.**

This Order disposes of Dkt. Nos. 21, 28.

Dated: January 23, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge